UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIC P. STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY JAIL WEST COUNTY, et al.,<br><br>Defendants. | Case No. 22-cv-04198-JD<br><br>**ORDER RE SERVICE** |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that staff at two different jails failed to accommodate his various food allergies which led to severe health problems and other defendants retaliated against him. When a pretrial detainee challenges the conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See id.* at 539.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate

2

(2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

In the original complaint, plaintiff stated that he was allergic to soy, rice, almonds and oats, but that for two years staff at Martinez Detention Facility and West County Detention Facility provided him with these foods and he had repeated allergic reactions. He also stated that he was placed on a vegetarian diet but was not a vegetarian. He stated that he has lost 50 pounds due to defendants' actions. Plaintiff was informed that these allegations stated a claim; however, plaintiff had identified no defendants, only naming the jails and unidentified cooking staff. The complaint was dismissed with leave to amend to identify specific defendants and describe how they violated his rights by not providing the appropriate food.

Plaintiff filed an amended complaint and identified nutritionists Cranmer and Shantra as the defendants involved in his receiving inappropriate food. He also states that around August 2022, he wrote a letter to the Prison Law Office and in response sergeant Lynch moved him to solitary confinement in retaliation. These allegations are sufficient to proceed against these defendants. Plaintiff states that defendant Jones also retaliated against him but provides no specific allegations. This defendant is dismissed. If plaintiff learns the identities of other defendants he may seek to amend the complaint to add them to this case.

**CONCLUSION**

1. The case continues against Cranmer, Shantra and Lynch. All other defendants are **DISMISSED**. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (Dkt. No. 7) with attachments and copies of this order on: Judi Cranmer a registered dietician coordinator at Contra Costa County Jails;

3

1  Shantra a registered nutritionist who contracts with Contra Costa County Jails; and Sergeant

2  Lynch who is employed by Contra Costa County and worked at Martinez Detention Facility.

3       2.      In order to expedite the resolution of this case, the Court orders as follows:

4       a.      No later than fifty-six days from the date of service, defendants will file a

5  motion for summary judgment or other dispositive motion. The motion will be supported by

6  adequate factual documentation and shall conform in all respects to Federal Rule of Civil

7  Procedure 56, and will include as exhibits all records and incident reports stemming from the

8  events at issue. If defendant is of the opinion that this case cannot be resolved by summary

9  judgment, he will so inform the Court prior to the date his summary judgment motion is due. All

10  papers filed with the Court will be promptly served on the plaintiff.

11       b.      At the time the dispositive motion is served, defendants will also serve, on a

12  separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-

13  954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

14  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

15  given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,

16  not earlier); *Rand* at 960 (separate paper requirement).

17       c.      Plaintiff's opposition to the dispositive motion, if any, will be filed with the

18  Court and served upon defendants no later than twenty-eight days from the date the motion was

19  served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which

20  is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

21  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

22  If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust

23  his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

24  note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided

25  to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

26       d.      If defendants wish to file a reply brief, they shall do so no later than

27  fourteen days after the opposition is served upon him.

28

4

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2023

JAMES DONATO
United States District Judge

## NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING (EXHAUSTION)

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.