UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIC P. STANLEY,<br><br>        Plaintiff,<br><br>        v.<br><br>JUDI CRANMER, et al.,<br><br>        Defendants. | Case No. 22-cv-04198-JD<br><br>**ORDER**<br><br>Re: Dkt. No. 33 |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. On October 24, 2023, the Court granted defendants' motion to compel plaintiff to appear for a deposition and to respond to written discovery requests. On December 11, 2023, defendants filed a motion for sanctions over plaintiff's failure to respond to the written discovery requests. Plaintiff had not responded to the motion for sanctions or otherwise communicated with the Court. On January 25, 2024, plaintiff was ordered to respond to the motion within twenty-one days. Plaintiff had still not filed an opposition or otherwise communicated with the Court, so he was afforded a final opportunity to file a response to the motion for sanctions by March 14, 2024. He was informed that no further extensions would be granted, and a failure to meet this deadline will result in claim or evidence preclusion, or dismissal of the case, as a sanction under Federal Rules of Civil Procedure 37 and 41(b).

Plaintiff filed a request for an extension in this case and another case on the grounds that he had not received certain mailings from the Court. The Court noted that plaintiff had filed eight cases in the last few years, three of which are ongoing. Plaintiff had a history of not responding to Court orders or defendants' motions. On four different occasions plaintiff's cases were closed for failure to respond, and plaintiff only responded to Court orders once a case had been closed. *See* Dkt. No. 14 in Case No. 21-0832 JD; Dkt. No. 32 in Case No. 21-2593; Dkt. No. 8 in Case No. 22-4198 JD; Dkt. No. 11 in Case No. 22-9129 JD. The Court noted that it had repeatedly accommodated plaintiff for missing deadlines, but it was not the Court's responsibility to manage

1  plaintiff's cases.  The multiple extensions from the Court and closing and reopening of cases were
2  causing lengthy delays in his cases.  While plaintiff stated that jail officials were interfering with
3  his mail, no evidence had been adduced to support this.  To the contrary, the record indicated that
4  the problem lies with plaintiff.  The Court sent plaintiff a copy of the motion for sanctions, and his
5  motion for an extension was granted and he was ordered to file a response by April 17, 2024.
6  Plaintiff was informed that if he again failed to respond without good cause to a Court order or
7  deadline, the case would be dismissed under Rule 41(b).

8        Plaintiff submitted a letter on May 4, 2024, that included responses to defendants'
9  discovery requests but no opposition to the motion for sanctions.  While the Court was reluctant to
10 grant plaintiff another extension he was allowed until June 21, 2024, to file an opposition.  He was
11 told that there would be no further extensions and the Court would not accept an opposition filed
12 after that deadline.  He was also advised that the Court would not accept a failure to receive mail
13 as an excuse for missing a deadline unless plaintiff presents evidence of a mail delivery issue.
14 Plaintiff has not filed an opposition the motion for sanctions, or otherwise communicated with the
15 Court.

16       Rule 41(b) provides the Court with authority to dismiss a case for failure to comply with
17 any of its orders.  Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.
18 1992).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply
19 with a court order, the Court must weigh the following factors: (1) the public's interest in
20 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
21 prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the
22 public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639,
23 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.3d at 1260-61).

24       These factors weigh in favor of dismissal.  Plaintiff failed to respond to the motion for
25 sanctions despite numerous extensions and reminders.  Plaintiff was repeatedly informed that the
26 case would be dismissed if he did not respond to Court orders or defendants' motion. Plaintiff's
27 failure to file any response to the Court's orders demonstrates his lack of interest in pursuing this
28 case.

1   With respect to the first factor, "the public's interest in expeditious resolution of litigation
2   always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). For the
3   second factor, the Court must be able to manage its docket "without being subject to routine
4   noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261
5   (discussing that non-compliance with a court's order diverts "valuable time that [the court] could
6   have devoted to other major and serious criminal and civil cases on its docket."). For the third
7   factor, due to plaintiff's failure to respond to the Court's orders of defendants' motion, "he has
8   offered no explanation for his failure[s]. This weighs strongly in favor of dismissal." *Feinberg-
9   Tomahawk v. City & Cty. of San Francisco*, No. 14-CV-02275-JD, 2014 WL 3752031, at *2 (N.D.
10  Cal. July 29, 2014) (citing *Espinosa v. Washington Mut. Bank*, No. C 10–04464 SBA, 2011 WL
11  334209, at *2 (N.D. Cal. Jan. 31, 2011)).

With respect to the fourth factor, the Court already issued several orders which provided plaintiff with an additional opportunity to oppose the motion for sanctions and informed plaintiff that he risked dismissal. The Court's issuance of these orders satisfies the consideration of less drastic sanctions requirement. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

Because the relevant factors point decisively toward dismissal, the complaint is dismissed. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim. Therefore, the action is dismissed with prejudice. The pending motion for sanctions (Dkt. No. 33) is dismissed as moot. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: July 11, 2024

JAMES DONATO
United States District Judge